UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THERESA R., | ) |
|     Plaintiff | ) ) ) |
| v. | )    1:22-cv-00280-NT ) |
| KILO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
|     Defendant | ) |

# REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

## THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the March 23, 2021, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 11-2).[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability

---

[1] Because the Appeals Council found no reason to review that decision (R.1), Defendant's final decision is the ALJ's decision.

claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of diabetes mellitus; diffuse myofascial pain; lumber degenerative disc disease; cervical degenerative disc disease and/or degenerative joint disease without neural impingement, instability, or critical canal or foraminal narrowing; major depressive disorder; and anxiety disorder. (R. 14.)

The ALJ further found that Plaintiff has the residual functional capacity (RFC) to perform light work, except that in an eight-hour workday she must be able to change positions every hour for three to five minutes. (R. 17.) Plaintiff can push and pull with all extremities at the lightweight limits. (R. 17.) Plaintiff can occasionally climb, balance, stoop, kneel, crouch and crawl. (R. 17.) She cannot work in extreme heat or cold, with tools that vibrate, at unprotected heights, or on sloped or irregular work surfaces. (R. 17.) "She can perform tasks that can be learned in thirty days or less, carrying out 'detailed but uninvolved' written or oral instructions, involving a few concrete variables in or from standardized situations, for 2-hour blocks of time over the course of a normal work schedule. She can have no work with the public but she can have incidental contact only such as providing directions or issuing greetings. She can adapt to routine changes." (R. 18.)

Based on the RFC finding, Plaintiff's age, education and work experience, and the testimony of a vocational expert, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy, including the representative occupations of Marker II and Photocopy Machine Operator. (R. 26.) The ALJ

determined, therefore, that Plaintiff was not disabled. (R. 27.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues that the ALJ erred because she improperly assessed and failed to explain adequately the reasons for not adopting Nurse Practitioner Read's ("Nurse Read's") opinions.[2] Nurse Read is one of Plaintiff's treatment providers.

On February 18, 2021, Nurse Read completed an assessment and determined Plaintiff had certain limitations related to her physical and mental health. (R. 580-586.) Nurse Read found that as the result of her mental health-related limitations, Plaintiff could not sustain regular attendance at work and when Plaintiff did attend work, she

---

[2] Although Plaintiff raised other issues in her brief, at oral argument, Plaintiff represented that she was proceeding only on her challenge to the ALJ's assessment of Nurse Read's opinions.

would need more rest than is typically allotted. (R. 584.) She also found Plaintiff's handling and reaching ability was limited. (R. 582.)

The ALJ considered and discussed Nurse Read's opinions but found her assessments unpersuasive because her "conclusions were not supported in her own records nor the record as a whole, which reflected generally unremarkable clinical exam findings." (R. 24.) The record supports the ALJ's assessment. As the ALJ noted, Plaintiff's treatment was conservative, she evidently did not require specialized psychiatric care or emergency visits to the hospital, and she generally had intact concentration.[3] (R. 19.) The ALJ also appropriately considered Plaintiff's subjective complaints and reports of daily activities.

After assessing the medical record and other evidence, the ALJ found Plaintiff to have moderate mental health-related limitations. This finding was consistent with the opinions of the state agency consultants (Brian Stahl, PhD and David Houston, PhD), which opinions the ALJ found persuasive.

Similarly, the ALJ's decision not to include in Plaintiff's RFC a limitation for handling and reaching is supported by the record. The ALJ found persuasive and relied upon the opinions of state agency consultants Benjamin Weinberg, M.D., and Donald Trumbull, M.D., who did not find any limitation on Plaintiff's handling or reaching

---

[3] As to the mental health limitations, the ALJ also noted that Nurse Read did not specialize in psychology and "mental limitations were outside her realm of expertise" as a family nurse practitioner (R. 24.); See 20 C.F.R. § 404.1520c(c)(4) ("a specialist may be more persuasive about medical issues related to his or her area of specialty than the medical opinion."). Nurse Read's lack of specialized training in the area was one of multiple factors the ALJ permissibly considered and discussed in the assessment of Plaintiff's claim.

ability. Consistent with the ALJ's assessment that Nurse Read's conclusions were not consistent with the overall record, the medical record reflects Plaintiff had multiple physical examinations with normal neurological findings and no mention of upper extremity limitations.

The fact that Plaintiff can cite Nurse Read's opinions and some medical records that might be supportive of her claim does not require a finding of error. The ALJ satisfied her obligation to assess the evidence, including the expert opinions. *See* 20 C.F.R. § 404.1520c(b)(2) (supportability and consistency "are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions.") The ALJ supportably weighed the evidence and resolved any conflicts in the evidence. *See Irlanda Ortiz v. Sec'y Health & Human Servs.,* 955 F.2d 765, 769 (1st Cir. 1991) ("[T]he resolution of conflicts in the evidence is for the [ALJ], not the courts."); *see also Rodriguez*, 647 F.2d 218, 222 ("the determination of the ultimate question of disability is for [the ALJ], not for the doctors or for the courts.").

Plaintiff's argument regarding the ALJ's assessment of Nurse Read's opinions is essentially a request for this Court to re-weigh evidence. The Court is not to re-weigh the evidence but is to determine whether the ALJ's decision is supported by substantial evidence on the record. Contrary to Plaintiff's argument, the ALJ considered and reasonably explained why she was not persuaded by Nurse Read's opinions. The ALJ did not err in her assessment of Nurse Read's opinions and the ALJ's decision is otherwise supported by substantial evidence on the record.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of July, 2023.